# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MASSACHUSETTS
## WESTERN DIVISION

| | |
|---|---|
| In re: ) | |
| ) | Chapter 11 |
| **Community Eco Power, *et al.*,**[1] ) | |
| ) | Case No. 21-30234 |
| ) | |
| **Debtor.** ) | (Jointly Administered) |
| ) | |

**THE OFFICIAL COMMITTEE OF UNSECURED
CREDITORS' RESPONSE AND RESERVATION OF
RIGHTS REGARDING MOTION FOR AUTHORITY TO SELL
CERTAIN ASSETS OF COMMUNITY ECO PITTSFIELD, LLC AND TO
ASSIGN CERTAIN PERMITS AND LICENSES IN RELATION THERETO**

The Official Committee of Unsecured Creditors (the "Committee") of Community Eco Power, LLC, Community Eco Springfield, LLC ("CE Springfield"), and Community Eco Pittsfield, LLC ("CE Pittsfield," and, collectively with Community Eco Power, LLC and CE Springfield, the "Debtors") files this response and reservation of rights (the "Response") pertaining to the *Motion for Authority to Sell Certain Assets of Community Eco Pittsfield, LLC and to Assign Certain Permits and Licenses in Relation Thereto* [Docket No. 400] (the "Pittsfield Sale Motion"). For its response and in reservation of its rights, the Committee respectfully states as follows:

1. On February 25, 2022, the Debtors filed the Pittsfield Sale Motion seeking authority to proceed with a private sale of certain of the assets of CE Pittsfield to Casella Waste Management of Massachusetts, Inc. ("Casella" and Casella and any entity designated by Casella to purchase

---

[1] The last four digits of Community Eco Power, LLC's federal taxpayer identification number are 5513. The last four digits of Community Eco Springfield, LLC's federal taxpayer identification number are 4363. The last four digits of Community Eco Pittsfield, LLC's federal taxpayer identification number are 8358. The principal place of business for the Debtors is 500 Hubbard Avenue, Pittsfield, Massachusetts 01201, and the Debtors' mailing address is P.O. Box 510, Amesbury, Massachusetts 01913.

such assets, the "Buyer")², subject to higher and better offers through competitive bid procedures. The Pittsfield Sale Motion proposed a sale of certain assets upon the terms set forth in an Asset Purchase Agreement ("APA") to be filed with the Court in advance of a sale hearing, which APA would reflect the terms of the LOI attached to the Pittsfield Sale Motion.  On March 18, 2022, the Court entered the *Order Granting Motion for Order Approving Bid Procedures for Sale of Certain of Community Eco Pittsfield, LLC's Assets* [Docket No. 421] (the "Bid Procedures Order").  On April 4, 2022, the Debtors filed a *Status Report Regarding Qualified Bids and Other Matters Pursuant to Bid Procedures Order for Community Eco Pittsfield, LLC* [Docket No. 450], providing notice that CE Pittsfield did not receive any Qualified Bid other than the Stalking Horse Bid prior to the Deadline pursuant to the Bid Procedures Order, and thus that the Debtors would seek approval of the sale to the Buyer as proposed by the Pittsfield Sale Motion.  On April 26, 2022, the Debtors filed the APA [Docket No. 536].  The Pittsfield Sale Motion is currently scheduled for hearing on May 3, 2022 at 10:00 am (the "Sale Hearing"), with an objection deadline of April 29, 2022 at 4:00 pm.

      2.     The Committee does not generally object to the Debtors' proposed sale of the assets of CE Pittsfield.  However, the Committee notes that the APA provides for the release by the Debtors of all actions, suits, claims and demands arising under chapter 5 of the Bankruptcy Code ("Avoidance Actions") against and the Buyer and its affiliate Casella Waste Systems, Inc. as a closing obligation of the Debtors.  *See* APA, Section 8.4(a)(iii) and Exhibit D.  Nothing in the Pittsfield Sale Motion or LOI indicated that the proposed sale to the Buyer would include the purchase or release of Avoidance Actions against the Buyer – it was not within the scope of relief requested.

---

[2] Capitalized terms used herein and not otherwise defined have the meanings given to them in the Springfield Sale Motion.

2

3. Given that the Debtors are in the process of selling significant assets of CE Springfield and CE Pittsfield, rejecting operating contracts, and will cease business operations upon the closing of the sales, these chapter 11 cases are heading toward their conclusion with a liquidating plan or other resolution which will administer the remaining assets of the estates for the benefit of creditors. With the CE Springfield and CE Pittsfield sales generating sufficient funds to pay administrative and priority claims, at this juncture, the Committee views Avoidance Actions as estate assets available primarily for the benefit of unsecured creditors and submits that they should be preserved as such going forward in the chapter 11 cases.

4. As the Committee understands the economic impact of the proposed release of Avoidance Actions against the Buyer to be minimal, the Committee does not object to the release of Avoidance Actions against the Buyer as a condition to the closing of the CE Pittsfield sale transaction. However, the Committee views the "waiver" and "release" of the Avoidance Actions against the Buyer as a sale of such claims to the Buyer. The Avoidance Actions against the Buyer are unencumbered assets and, as such, the proceeds from the sale of such Avoidance Actions should be separately allocated and must not automatically be applied toward satisfaction of any claims of secured creditors.

5. Further, the Committee understands that the Debtor may be in ongoing discussions and negotiations with the Buyer and other parties in interest regarding certain terms of a final form of proposed Sale Order and APA for a sale to the Buyer. And just prior to the filing of this Response, the purchaser of CE Springfield assets, F&G, LLC ("F&G"), filed an Objection [Docket No. 548] announcing an overbid for the sale of the CE Pittsfield Assets which would appear to provide greater value to the estate. As there may be additional changes to the proposed Sale Order or the APA for the current proposed transaction, additional competitive bidding, or a proposed

Sale Order and APA approving a sale to F&G prior to or during the Sale Hearing, the Committee also makes this filing prior to the applicable objection deadline in order to, and hereby does, timely reserve all of its rights with respect to the Pittsfield Sale Motion pending a final form of proposed Sale Order and APA for the sale of the assets of CE Pittsfield.

Dated: April 29, 2022

Respectfully submitted,

*/s/ Andrew C. Helman*
Andrew C. Helman (BBO# 679155)
DENTONS BINGHAM GREENEBAUM LLP
One Beacon Street, Suite 25300
Boston, Massachusetts  02108
(207) 619-0919
andrew.helman@dentons.com

*and*

April Wimberg (*pro hac vice*)
Christopher B. Madden (*pro hac vice*)
Gina Young (*pro hac vice*)
DENTONS BINGHAM GREENEBAUM LLP
3500 PNC Tower, 101 S. Fifth Street
Louisville, Kentucky  40202
(502) 587-3719
april.wimberg@dentons.com
chris.madden@dentons.com
gina.young@dentons.com

*Counsel to the Official Committee of Unsecured Creditors of Community Eco Power, LLC, et al.*

**CERTIFICATE OF SERVICE**

    I, Andrew C. Helman, an individual eighteen years of age or older, hereby certify that on the date set forth below, I caused the foregoing document to be served on all parties receiving notice and service in this case through the Court's CM/ECF electronic filing service, which served the same on the parties receiving notice via the CM/ECF system.

Date: April 29, 2022

*/s/ Andrew C. Helman*
Andrew C. Helman (BBO# 679155)
DENTONS BINGHAM GREENEBAUM LLP
One Beacon Street, Suite 25300
Boston, Massachusetts 02108
(207) 619-0919
andrew.helman@dentons.com